# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| James Westpoint, ) | Civil Action No. 9:17-2781-RMG |
| Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| State of South Carolina, *et al.*, ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending Plaintiff's complaint under 42 U.S.C. § 1983 be summarily dismissed because the requested relief (release from pretrial detention) is unavailable in a § 1983 action, because of *Younger* abstention, because the solicitor has absolute prosecutorial immunity, and because Plaintiff's court-appointed attorney does not act under color of state law and so can have no liability in a § 1983 action. (Plaintiff's amended complaint abandons claims against other Defendants named in the case caption.) The Court fully agrees with the Magistrate Judge's analysis of Plaintiff's claims and additionally concludes the amended complaint is subject to dismissal because it is a habeas petition that fails to name a proper respondent. Plaintiff has filed no objections to the Report and Recommendation.

Plaintiff's amended complaint is written on a preprinted § 1983 complaint form, but the only requested relief is Plaintiff's immediate release from pretrial detention. Plaintiff alleges his pretrial detention is unlawful because he has been given excessive bond, denied a speedy trial, and otherwise denied due process of law. This purported § 1983 action therefore must be construed as a habeas petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Plaintiff's claims and requested relief are substantively identical to (albeit more clearly expressed than) the claims asserted in his habeas petition filed August 14, 2017, in which he challenged the same pretrial detention at issue here. *See Westpoint v. Cannon*, Civ. No. 9:17-2137 (D.S.C. Oct. 30, 2017), *appeal docketed*, No. 17-7475 (4th Cir.). This Court dismissed that petition without adjudication on the merits for failure to exhaust state remedies. The amended complaint in this action, therefore, is not a successive habeas petition. *See Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000). But "[a] habeas petitioner who is physically confined must name [his] "immediate custodian" as the habeas respondent . . . ." *Kanai v. McHugh*, 638 F.3d 251, 255 (4th Cir. 2011). Plaintiff names the solicitor and Plaintiff's court-appointed attorney as Defendants while alleging that he is in the custody of the Charleston County Sheriff. (*See* Dkt. No. 1-2.) He therefore fails to state any claim for relief against any named Defendant. Ordinarily, the proper course would be to grant leave to amend to name the proper respondent. *See, e.g.*, *Saunders v. U.S. Parole Comm'n*, 665 F. App'x 133, 135 (3d Cir. 2016). Here, however, leave to amend to name the Sheriff would be futile because the Court has already ruled upon Plaintiff's habeas petition against the Sheriff and that ruling is currently under appeal. The Court therefore dismisses the amended complaint without prejudice as a duplicative filing. *See Slack*, 529 U.S. at 478, 486 (holding that although "a habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a 'second or successive' petition as that term is understood in the habeas corpus context," because the petitioner may "return to federal court after the requisite exhaustion," "[f]ederal courts do, however, retain broad powers to prevent duplicative or unnecessary litigation."); *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

The Court therefore **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 15) as the Order of the Court, with the further elaboration set forth in this Order. The amended complaint is **DISMISSED WITHOUT PREJUDICE**.

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 31, 2018
Charleston, South Carolina